### In re CENTURY SERVICES, INC., Debtor.

### Bankruptcy No. 3–82–00932.

United States Bankruptcy Court, E.D. Tennessee.

Dec. 30, 1982.

Fowler & Rowntree, John A. Walker, Jr., Knoxville, Tenn., for trustee.

Carty, Garlington & Boswell, William Barton Kaserman, Knoxville, Tenn., for Associates Financial Services Co. of Tennessee, Inc.

## MEMORANDUM AND ORDER

CLIVE W. BARE, Bankruptcy Judge.

The issue before the court is the validity of a deed of trust executed by the president of the debtor corporation, Century Services, Inc., to secure Associates Financial Services Company of Tennessee, Inc., (Associates) for a loan in the amount of $25,028.58 made September 17, 1981.[1] The mortgage to Associates is subordinate to a prior deed of trust held by Home Federal Savings and Loan Association of Greeneville, Tennessee.

### I

Associates initially filed a proof of claim in the amount of $26,514.10 asserting a security interest in, *inter alia*, certain real property of the debtor. The Trustee filed an objection to so much of the claim as asserted a security interest in real estate of the debtor. Associates then filed an amended proof of claim in the amount of $17,264.10, reflecting the abandonment to it of certain collateral by the Trustee. In its amended proof of claim, Associates reasserted it holds a claim secured by a second mortgage lien. At the hearing on the contested matter (objection to Associates' claim) the Trustee abandoned all objections to the claim and amended claim except upon the theory "that the president of the debtor was not authorized to execute the deed of trust and that the deed of trust was therefore invalid and unenforceable as to the trustee." Associates responds that the president of the debtor, Wendy M. Smith Reagan, was authorized pursuant to corporate resolution to effect loans on behalf of the corporation, that she was an agent of the corporation and was acting within her real or apparent authority when she negotiated the loan, that the corporation received the benefits of the loan and that the Trustee, standing in the shoes of the debtor, is now estopped to deny Associates' secured interest in the corporate property. Trial was held November 24, 1982. Briefs have been filed.

### II

The incorporator of Century Services, Inc., H.R. Richmond, adopted certain resolutions on or about November 9, 1979. One of these resolutions provided that Wendy Smith, who is now known as Wendy M. Smith Reagan, was elected as a director of the debtor corporation, to serve until the first annual meeting of shareholders at which time successor(s) could be elected. No other individual was identified as a director in the "Resolutions Adopted By Incorporator." The first meeting of the board of directors, however, was attended by Wendy Smith, Robert E. Caldwell, and H.R. Richmond. The minutes of that meeting reflect that Wendy Smith was elected as President, Robert E. Caldwell as Vice-President, and June Caldwell as both Secretary and Treasurer of the debtor. The minutes from the meeting further reflect that the following resolutions, among others, were adopted upon motions made, duly seconded and passed by a unanimous vote:

RESOLVED, that the following persons can effect loans on behalf of the corporation: WENDY SMITH, ROBERT E. CALDWELL.

RESOLVED, that the business shall continue to be operated in the same manner and that officers are empowered to do all acts pursuant thereto.

---

1. A deed of trust was executed on that date to secure Associates in the amount of $43,920.00, which includes precomputed interest.

BE IT FURTHER RESOLVED, that the corporation is authorized to purchase a certain piece of real estate situated in the Fifth (5th) Civil District of Sevier County, Tennessee from James Barnes at a purchase price of $76,875.00; there being a 15 year note to be executed for $65,000.00 at 12½% interest with monthly payments being $801.14; there further being a 15 day note to be executed for $3,000.00.

The real estate referred to in the resolution was the principal asset of the debtor when the bankruptcy petition was filed.[2] On the petition date, this property was subject to the first mortgage of Home Federal Savings and Loan Association of Greeneville and the challenged second mortgage of Associates.

Article III of the debtor's by-laws concerns the board of directors. The space for the insertion of the number of directors is blank, but section 1 of the Article provides that the number of directors shall not be less than three unless the number of shareholders is less than three, "in which event the number of directors shall not be less than the number of shareholders permitted by statute." The board of directors for the debtor corporation should have consisted of not less than two members.[3] (The record indicates there were only two shareholders of the debtor, Wendy Smith and Robert E. Caldwell.) Section 2 of the Article recites:

> The Board of Directors shall be responsible for the control and management of the affairs, property and interests of the Corporation, and may exercise all powers of the Corporation, except as are in the Certificate of Incorporation or by statute expressly conferred upon or reserved to the shareholders.

Section 7(b) of this same Article provides in part: "Any action authorized, in writing, by all of the directors entitled to vote thereon and filed with the minutes of the corporation shall be the act of the Board of Directors . . . ."

The identity of the directors of the debtor on or about September 17, 1981, when the challenged deed of trust was executed by "Wendy M. Smith Reagan, Pres." is not established in the record. However, a "Certified Copy Of Resolution And Designation Of Agents" (Exh. 4) was introduced at trial. This document, a form utilized by Associates, reflects in essence that the board of directors of the debtor duly authorized any officer of the debtor to enter into transactions with Associates and to execute and deliver any necessary documents pursuant to transactions with Associates. The Trustee contends that this authorization is limited to personal property since the items specified relate to personal property and requests the court to apply the construction maxims *ejusdem generis* and *expressio unius est exclusio alterius.*

The resolution, the validity of which is not challenged by the Trustee, specifically recites:

> "RESOLVED, that any officer of this Corporation or any person designated by any officer is hereby authorized and empowered on behalf of this Corporation to transact any and all business with Associates Financial Services Company of Tennessee, Inc. which this Corporation could in any way transact, and he is further authorized to execute, acknowledge and deliver and/or appoint another to execute, acknowledge, and deliver on behalf of this Corporation and in its name, any and all notes, drafts, assignments, repurchase agreements, bills of sale, chattel mortgages, conditional sales contracts, trust receipts and any and all other in-

---

**2.** The property was purchased by Associates at a public sale on November 27, 1982, on the basis of a bid of $70,000.00.

**3.** Tenn.Code Ann. § 48–802 (1979) enacts in material part:

*Number of directors.*—(1) The number of directors may be fixed by the charter or the bylaws and shall not be less than three (3), except that:

(a) In the case of a corporation for profit, where all the shares are owned of record by less than three (3) shareholders, the number of directors may be less than three (3) but not less than the number of shareholders of record . . . .

struments which he may deem necessary or convenient in the transaction of business of the undersigned, this authority to continue until written notice to the contrary is given to Associates Financial Services Company of Tennessee, Inc. by this corporation."

The court disagrees with the Trustee's position that the resolution does not authorize the execution and delivery of a deed of trust against real property. The authorization is not clearly limited to documents related to personal property. The *ejusdem generis* rule does not mandate that the general provision be circumscribed in its scope to specifically identified items and the other maxim of construction is not necessarily apposite and certainly not controlling.

It is the opinion of this court that Wendy M. Smith Reagan was duly authorized to execute and deliver the second deed of trust against the debtor's real property to Associates in consideration of the contemporaneous loan in the principal amount of $25,028.58. The loan proceeds expended were apparently utilized for corporate as opposed to personal purposes, and the balance of the loan proceeds is deposited in a savings account. The court's conclusion eliminates the necessity of determining whether the Trustee is estopped to object to the claim due to ratification by the debtor or whether Wendy M. Smith Reagan was implicitly authorized to execute the deed of trust as an incidence to the authorization to "effect loans on behalf of the corporation."

The objection of the Trustee to the secured claim of Associates is dismissed.

It is so ORDERED.